UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENETH MENA TORRES,

Petitioner,

v.

CAMILA H. WAMSLEY, et al.,

Respondents.

C25-5772 TSZ

ORDER

By Order entered October 8, 2025, docket no. 24, the Court granted petitioner Keneth Mena Torres's motion for a preliminary injunction and directed that he be released from custody at the Northwest Immigration and Customs Enforcement ("ICE") Processing Center ("NWIPC") under a bond of $5,000 and conditions ICE deemed necessary so long as no restriction was placed on petitioner's travel to California or where he resides and such conditions did not interfere with petitioner's ability to work, attend school, or participate in asylum interviews or related proceedings.  *See* Order at 13, ¶ 1 (docket no. 24).  According to a Joint Status Report, docket no. 27, submitted by the parties in response to a Minute Order entered February 10, 2026, docket no. 26, after petitioner was released from the NWIPC, he was subjected to "intensive supervision," including electronic monitoring and multiple calls to inquire about his whereabouts,

ORDER - 1

which "reached the level of harassment" and left him "in fear of leaving his home." JSR at ¶ 7 (docket no. 27).  Nevertheless, on November 18, 2025, petitioner's asylum application was granted, and removal proceedings were terminated on December 16, 2025.  *Id.* at ¶ 2.  The ankle monitor was removed on December 8, 2025, *see id.* at ¶ 8, and petitioner remains at liberty.

The parties disagree about whether the habeas petition in this matter is now moot. A habeas petition does not become moot simply because, subsequent to its filing, the petitioner is released from custody.  *See Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007).  Rather, a habeas petition continues to present a live controversy after a petitioner's release if "some remaining 'collateral consequence' . . . may be redressed by success on the petition."  *Id.*  Petitioner's attorney contends that the Court can still grant meaningful relief with respect to (i) ICE's refusal to immediately remove petitioner's ankle monitor when he achieved asylee status; (ii) ICE's unexplained demand that petitioner check in on February 9, 2026; and (iii) the possibility that ICE will improperly re-detain petitioner or otherwise deprive him of his liberty.  With regard to the first two matters, a remedy might have been provided if a motion had been filed while the restraint was still in effect, but the Court cannot, pursuant to the authority vested by 28 U.S.C. § 2241, offer any monetary, declaratory, or other cure for the alleged past transgressions. As to a prospective injunction, although petitioner's concerns are understandable, they are not the type of non-speculative harm that would justify such relief, and they do not constitute the kind of "collateral consequence" that presents a live controversy over which the Court has Article III jurisdiction.

ORDER - 2

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)    The petition for a writ of habeas corpus, docket no. 1, is STRICKEN as moot.

(2)    The Clerk is DIRECTED to close this case and to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 18th day of March, 2026.

Thomas S. Zilly
United States District Judge

ORDER - 3